**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------
CHAOHUI TANG, JIANLIN LI, JIAN LIU and QINGZE LIU,
on behalf of themselves and all others similarly situated,

                              Plaintiffs,

               - against -

WING KEUNG ENTERPRISES, INC., KEUNG CHAN, JOHN DOES #1-10, and JANE DOES #1-10, COMPANY ABC #1-10,

                              Defendants.
---------------------------------------------------------------------------

Case No: 14-cv-00390

**MEMORANDUM OF LAW**

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO RULE 56 OF THE FRCP GRANTING SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 3

II.   ARGUMENT ........................................................................................................ 3

III.  CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217 (2d Cir. N.Y. 2002) ........................ 4

*Lyons v. Lancer Ins. Co.*, 681 F.3d 50 (2d Cir. N.Y. 2012) ................................................ 5

*Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 277 (S.D.N.Y. 2008) ......... 5

### FEDERAL STATUTES AND REGULATIONS

FRCP R. § 56 ........................................................................................................................ 3

29 U.S.C. § 213 ................................................................................................................. 3, 7

29 U.S.C. § 207 ................................................................................................................. 3, 4

49 U.S.C. § 31502 .................................................................................................................. 4

49 U.S.C. § 13501 .................................................................................................................. 4

29 C.F.R. § 782.7 ................................................................................................................... 4

29 U.S.C. § 206 ................................................................................................................. 6, 7

### STATE STATUTES AND REGULATIONS

12 N.Y.C.R.R. § 142-2.2 ................................................................................................... 5, 7

12 N.Y.C.R.R. § 142-3.2 ................................................................................................... 5, 7

NY Labor Law § 652 ............................................................................................................ 7

12 N.Y.C.R.R. § 142-2.1 ....................................................................................................... 7

I. INTRODUCTION

Plaintiffs in this action are drivers and movers formerly employed by defendant WING KEUNG ENTERPRISES, INC. ('WK') involved in the transport and delivery of WK's goods and inventory. Plaintiffs seek damages pursuant to the Fair Labor Standard Act, 29 U.S.C. §§ 201 et. seq. ('FLSA') and New York Labor Law Articles 6 and 19 for allegedly unpaid wages and overtime.

II. ARGUMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides that, "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

As set forth below, the documentary evidence shows that Defendants are exempt from Federal overtime provisions and from New York State overtime provisions. It should be noted that there is no dispute as to the interstate nature of the individual plaintiffs' employment. In addition, the documentary evidence shows that the Plaintiffs were paid at least the minimum wage and proper overtime. It is respectfully submitted that the Moving Defendants are entitled to judgment as a matter of law with respect to the Plaintiffs' first through fourth (1-4) causes of action, which are for: overtime under Federal and New York law, and minimum wage under Federal and New York law, respectively.

A. MOVING DEFENDANTS ARE EXEMPT FROM THE OVERTIME PROVISIONS OF THE FLSA AND ITS NEW YORK STATE COUNTERPART

The FLSA requires employers to pay overtime wages to certain employees who work more than forty hours in a week. *See, 29 USC § 207*. Subparagraph (a)(1) provides that,

"[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29 USC § 213(b) provides an exemption to certain employers from the coverage of certain provisions of the Fair Labor Standards Act. *See, 29 USC § 213*. Subparagraph (b)(1) exempts employees "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 [49 USCS § 31502]" from the provisions of 29 USC § 207. *Id.*

The Secretary of Transportation has jurisdiction "over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier-- (1) between a place in—(A) a State and a place in another State; (B) a State and another place in the same State through another State;…." *49 USC § 13501*.

Even transportation within a single state may remain "interstate" in character when it forms a part of a "practical continuity of movement" across state lines from the point of origin to the point of destination. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 223 (2d Cir. N.Y. 2002). Pursuant to 29 C.F.R. § 782.7(b)(1), transportation within a single State is in interstate commerce within the meaning of the Fair Labor Standards Act where it forms a part of a "practical continuity of movement" across State lines from the point of origin to the point of destination. The Second Circuit (and others) have noted that the existence of the requisite interstate nexus may be

4

determined by looking to the intent of the goods' seller or shipper with respect to the goods destination. *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 58 (2d Cir. N.Y. 2012).

Under New York State law, overtime pay is governed by 12 NYCRR § 142-2.2. This provision provides, in relevant part, that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended, provided, however that the exemptions set forth in sections 13(a)(2) and (4) shall not apply…." *12 NYCRR § 142-2.2*. These exemptions include the motor carrier exemption. *See*, *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 277 (S.D.N.Y. 2008); *See also, 12 NYCRR § 142-3.2* (providing that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as Amended, provided, however that the exemptions set forth in Section 13(a)(4) shall not apply….").

Here, there is no dispute that Defendant is a motor carrier involved in the transport of goods between a place in a State and a place in another State. Defendant is a duly-registered motor carrier with the United States Department of Transportation. In addition, Plaintiffs' claims for relief are premised upon their allegations that, "it has been Defendants' persistent policy, pattern and practice to assign drivers, laborers and movers to deliver goods across state lines…" (¶ 26) and such goods were alleged to be delivered "across state lines, to New York, New Jersey, Pennsylvania, Connecticut, etc." (¶ 4). Furthermore, the documentary evidence, namely each individual Plaintiff's Route Assignments and the AR invoices (which shows where goods were delivered on a certain route/zone), show that each individual plaintiff was involved in the

5

transportation of goods between a place in a State and a place in another State, or from a State and another place in the same State through another State.

Even if any of the Plaintiffs claims to be solely involved in the transportation of goods within New York State, the goods which any such individuals were called upon to transport during the course of their employment – namely, fresh produce, refrigerated food, and paper products – included goods sourced from places outside of New York. These goods were ultimately intended by either the seller or WK to be destined for shipment to or through New York, such that their transport forms a part of a "practical continuity of movement" across State lines from the point of origin to the point of destination. For example, WK purchases 150,000-200,000 chickens from Perdue Farms in Maryland, which are ultimately intended by either the seller or WK for delivery to distribution among restaurants in and outside of New York and for which orders are received by defendant's customers even before such goods arrive at defendant's warehouse.

Based on the foregoing, as the parties fall under the jurisdiction of the Secretary of Transportation, Defendants are exempt from the overtime provisions of the FLSA and its NY counterpart. Accordingly, Plaintiffs' are not entitled to summary judgment on their first and second causes of action for overtime pay under Federal and New York laws.

B. EACH PLAINTIFF WAS PAID IN ACCORDANCE WITH THE MINIMUM WAGE REQUIREMENTS UNDER THE FLSA AND UNDER ITS NEW YORK COUNTERPART

29 USC § 206 provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than-- (A)

6

$5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day…."

New York State's counterparts to 29 USC § 206, NY Labor Law § 652 and 12 NYCRR § 142-2.1 both provide that the minimum wage is $7.15 on and after January 1, 2007. 12 NYCRR § 142-2.1 further provides that the minimum wage is $7.25 on and after July 24, 2009. Both New York Labor Law § 652 and 12 NYCRR § 142-2.1 increase the minimum wage to $8.00 on and after December 31, 2013.

Plaintiffs claim that they were "employed by defendants from approximately September 25, 2009 until November 16, 2013." Since the earliest date on which any of the plaintiffs were employed was September 25, 2009 and the latest date on which any of them were employed was November 25, 2013, the minimum wage of $7.25 is applicable at all times.

As set forth by WK's Employee Details Reports, which indicate the individual plaintiffs' working hours, and the individual plaintiffs' paystubs, each individual plaintiff was paid above the $7.25 hourly minimum imposed by Federal and New York laws. In addition, they also show that although WK was not required to do so, WK paid each individual plaintiff one-and-a-half (1.5) times his normal wage for each hour worked over forty (40) hours. *See, 29 USC § 207; 12 NYCRR § 142-2.2; See also, 29 USC 213; 12 NYCRR § 142-3.2.* It should be further noted that each paystub was presented to and endorsed by the signature of each individual plaintiff. The Court also found, after an evidentiary hearing, that such payroll records had not been falsified.

Based on the foregoing, it is respectfully submitted that each individual plaintiff was paid in accordance with the minimum wage laws under Federal and State labor laws.

Accordingly, Plaintiffs' third and fourth causes of action for minimum wage under Federal and New York laws should be dismissed as against the Moving Defendants.

### III. CONCLUSION

Based on the foregoing, it is respectfully submitted that there is no genuine dispute as to any material fact that plaintiffs are not entitled to summary judgment. With respect to Plaintiffs' first and second causes of action (for overtime pay under Federal and New York laws, respectively), the documentary evidence shows and there is no dispute that the individual parties were employed by WK in a manner such that the parties in this action are exempt from the overtime requirements under Federal and New York laws. As for Plaintiffs' third and fourth causes of action (for minimum wage under Federal and New York laws, respectively), the documentary evidence shows that WK paid each of the individual plaintiffs at least minimum wage, including pay at the overtime rate for work performed after forty hours despite not being required to. As such, plaintiffs' motion must be denied and dismissing said causes of action against moving defendants, along with such other and further relief as this Court deems just and proper.

Dated: November 12, 2015
Whitestone, New York                                    /s/
_____
TROP SPINDLER LLP
By:  Gail E. Spindler, Esq. (7497)
19-02 Whitestone Exp., Ste. 202
Whitestone, New York 11357
T: (718) 357-4333
F: (718) 357-3696

*Attorneys for Defendants,*
*WING KEUNG ENTERPRISES, INC., and*
*KEUNG CHAN*