UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.: 14-cv-390
CHAOHUI TANG, JIANLIN LI, and
QINGZE LIU,

                                          *Plaintiffs*


        -against-


WING KEUNG ENTERPRISES, INC., and
KEUNG CHAN

                                          *Defendants*
-------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MOTION FOR WTPA STATUTORY DAMAGES, LIQUIDATED DAMAGES, PRE-JUDGMENT INTEREST, POST-JUDGMENT INTEREST, ATTORNEY'S FEES AND COSTS**


**RESPECTFULLY SUBMITTED BY**
**GORDON & GORDON, P.C.**
**PETER S. GORDON, ESQ.,**
**SUPRIYA KICHLOO, ESQ.,**
**108-18 Queens Blvd., 6th Fl.,**
**Forest Hills, NY 11375**
**T: (718) 544-7070**

# TABLE OF CONTENTS

**INTRODUCTION**………………………………………………………………………………..1-2

**I.   PLAINTIFFS ARE NOT ENTITLED TO RECOVERY
     OF LIQUIDATED DAMAGES UNDER BOTH THE
     FLSA AND THE NYLL**………………………………………………………....2-9

**II.  STATUTORY DAMAGES UNDER THE WAGE
     THEFT PREVENTION ACT**……………………………………………………9-10

**III. PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF PREJUDGMENT
     INTEREST**…………………………………………………………………..10-13

**IV.  POST-JUDGMENT INTEREST**………………………………………………....13

**V.   PLAINTIFFS REQUEST FOR ATTORNEYS FEES
     AND COSTS IS EXCESSIVE, NOT REASONABLE
     AND SHOULD BE DECREASED BECAUSE THEY
     DID NOT PREVAIL ON SUMMARY JUDGMENT
     AND CLASS-CERTIFICATION**……………………………………………..13-22

**CONLUSION**……………………………………………………………………………...22

# TABLE OF AUTHORITIES

**Statutes**

29 U.S.C.A. § 16(b)……

29 U.S.C.A. § 216(b)…..

N.Y. Lab. Law. § 198(1-a)….

N.Y. Lab. Law. § 198(1-d)…………

**Cases**

A.R. ex rel. R.V. v. New York City Dep't. of Educ., 407 F.3d 65 (2d Cir.2005)

Allende v. Unitech Design, Inc., 783 F.Supp.2d 509 (S.D.N.Y.2011)

Andrade v. 168 First Ave Restaurant Ltd., Slip Copy 2016 WL 3141567 (S.D.N.Y. 2016)

Animas v. Balcon Quiteno Inc., 14 Civ. 3763 (E.D.N.Y 2015)

Anthony v. Franklin First Financial, Ltd., 844 F.Supp.2d 504 (S.D.N.Y. 2012)

Arbor Hill Concerned Citizens *475 Neighborhood Ass'n. v. County of Albany, 522 F.3d 182 (2d Cir.2008)

Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 04 Civ. 3854, 2008 WL 4833025 (S.D.N.Y. 2008)

Banegas v. Mirador Corp., 14 Civ. 8491, 2016 WL 1451550 (S.D.N.Y. 2016)

Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132 (2d Cir.2008)

Blanchard v. Bergeron, 489 U.S. 87 (1989)

Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C., No. 14-CV-1099, 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015)

Bridges v. Eastman Kodak Co., No. 91 Civ. 7985, 1996 WL 47304 (S.D.N.Y. Feb. 06, 1996)

Briese Lichttechnik Vertriebs GmbH v. Langton, 2010 WL 3958737, *1 (S.D.N.Y. Oct. 4, 2010).

Brock v. Superior Care, 840 F.2d 1054 (1988)

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)

Carter v. Frito–Lay, Inc., 74 A.D.2d 550, 425 N.Y.S.2d 115 (1st Dep't 1980)

Cabrera v. Dream Team Tavern Corp., No. 12-CV-6323 (E.D.N.Y. Apr. 29, 2016)

Castillo v. RV Transp., Inc., 15 Civ. 527, 2016 WL 1417848 (S.D.N.Y. 2016)

Chen v. JP Standard Constr. Corp., No. 14-CV-1086, 2016 WL 2758272 (E.D.N.Y. 2016)

Chowdhury v. Hamza Exp. Food Corp., No. 14-CV-150, 2015 WL 5559873 (E.D.N.Y. 2015)

Chuchuca v. Creative Customs Cabinets Inc., No. 13 Civ. 2506, 2014 WL 6674583 (E.D.N.Y. 2014)

Clarke v. Frank, 960 F.2d 1146 (2d Cir.1992)

Crawford v. City of New London, 2015 WL 1125491, *7 (D.Conn. Mar. 12, 2015)

DiFilippo v. Morizio, 759 F.2d 231 (2d Cir.1985)

Dominguez v. B S Supermarket, Inc., No. 13–CV–7247, 2015 WL 1439880 (E.D.N.Y. 2015)

Farrar v. Hobby, 506 U.S. 103 (1992)

Galeana v. Lemongrass on Broadway Corp., ⸺ F.Supp.2d ⸺, 2014 WL 1364493 (S.D.N.Y. 2014)

Garcia v. JonJon Deli Grocery Corp., No. 13 CV 8835, 2015 WL 4940107 (S.D.N.Y. 2015)

Gonzalez v. Scalinatella, Inc., 13 Civ. 3629, ⸺ F.Supp.3d ⸺, 2015 WL 3757069 (S.D.N.Y. 2015)

Gortat v. Capala Bros., 949 F.Supp.2d 374 (E.D.N.Y. 2013)

Grant v. Martinez, 973 F.2d 96 (2d Cir.1992)

Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76 (E.D.N.Y.2012)

Hensley v. Eckerhart, 461 U.S. 424 (1983)

Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132 (2d Cir.1999)

Hengjin Sun v. China 1221, Inc., 12 Civ. 7135, 2016 WL 1587242 (S.D.N.Y. 2016)

Inclan v. New York Hospitality Group, Inc., 95 F.Supp.3d 490 (S.D.N.Y 2015)

In re Agent Orange Prod. Liab. Litig, 818 F.2d 226 (2d Cir. 1987)

J. D'Addario & Co., Inc. v. Embassy Inds., Inc., 20 N.Y.3d 113 (2012)

Jeong Woo Kim v. 511 E. 5th St., LLC, 133 F. Supp. 3d 654 (S.D.N.Y. 2015)

Jin v. Pacific Buffet House, Inc., No. CV–06–579, 2009 WL 2601995 (E.D.N.Y. 2009)

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)

Kirsch v. Fleet Street, Ltd., 148 F.3d 149 (2d Cir.1998)

Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc., 2009 WL 5185808,

*7 (E.D.N.Y. Dec. 23, 2009).

Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2014 WL 1338065 (S.D.N.Y.

2014)

Lora v. J.V. Car Wash, Ltc., 11 Civ. 9010, 2015 WL 4496847 (S.D.N.Y. 2015)

Lunday v. City of Albany, 42 F.3d 131(2d Cir.1994)

Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195, 2012 WL 1669341(S.D.N.Y. 2012)

Malletier v. Dooney & Bourke, Inc., 2007 WL 1284013, *1 (S.D.N.Y. Apr. 24, 2007)

McDow v. Rosado, 657 F.Supp.2d 463 (S.D.N.Y. 2009)

McGlone v. Contract Callers Inc., 114 F. Supp. 3d 172 (S.D.N.Y. 2015)

Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir.1978)

NML Capital v. Republic of Argentina, 17 N.Y.3d 250 (2011)

N.Y. City Dist. Council of Carpenters v. Rock–It Contracting, No. 09 Civ. 9469, 2010 WL

1140720 (S.D.N.Y. 2010)

N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir.1983)

Olvera v. Los Taquitos Del Tio Inc., No. 15-CV-1262, 2015 WL 3650238 (E.D.N.Y. 2015)

Parilla v. Salt & Pepper on 33rd St. Inc., No. 12 Civ. 6382, 2013 WL 4536628 (S.D.N.Y. 2013)

Peacock v. Schwartz, 154 F.Supp.2d 428 (E.D.N.Y.2001)

Perez v. Queens Boro Yang Cleaner, Inc., 14 Civ. 7310, 2016 WL 1337310 (E.D.N.Y. 2016)

Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1997)

Quiroz v. Luigi's Dolceria, Inc., No. 14-CV-871, 2016 WL 2869780 (E.D.N.Y. 2016)

Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253 (2nd Cir. 1999)

Rosendo v. Everbrighten Inc., 2015 WL 1600057, *9 (S.D.N.Y. Apr. 7, 2015)

Saks Inc. v. Attachmate Corp., 2015 WL 2358466 (S.D.N.Y. May 15, 2015)

Santana v. Brown, No. 14CV4279–LGS, 2015 WL 4865311 (S.D.N.Y. 2015)

Saunders v. City of N.Y., 07 Civ. 830, 2009 WL 4729948 (S.D.N.Y. 2009)

Scott v. Niagara Credit Solutions, Inc., 2012 WL 729755, *2 (W.D.N.Y. Mar. 6, 2012)

Seitzman v. Sun Life Assurance Co. of Canada, 311 F.3d 477 (2d Cir. 2002)

Shiu v. New Peking Taste Inc., No. 11 Civ. 1175, 2014 WL 652355 (E.D.N.Y. 2014)

Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc., 04 Civ. 2666, 2008 WL 4925020 (S.D.N.Y. 2008)

Torres v. Gristede's Operating Corp., 519 Fed.Appx. 1, 5 (2d Cir.2013)

Trustees of N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp., 09 Civ. 9997, adopted in relevant part, 2011 WL 1641981 (S.D.N.Y. Apr.29, 2011)

Vargas v. Transeau, No. 04–CV–9772, 2008 WL 3164586 (S.D.N.Y. 2008)

VFS Fin., Inc. v. Pioneer Aviation LLC., 08 Civ. 7655, 2009 WL 2447751 (S.D.N.Y. 2009)

Yin v. Kim, No. 07 Civ. 1236, 2008 WL 906736 (E.D.N.Y. 2008)

Yun Hong Hua v. Eight Star Inc., 15 Civ. 275, 2015 WL 2354322 (E.D.N.Y. 2015)

Yuquilema v. Manhattan's Hero Corp., No. 13–cv–0461, 2014 WL 4207106 (S.D.N.Y. 2014)

Yu Y. Ho, 2014 WL 1998237 (S.D.N.Y 2014)

Zhen Ming Chen v. New Fresco Tortillas Taco LLC, No. 15 Civ. 2158, 2015 WL 5710320

(S.D.N.Y. 2015)

**Secondary Sources**

81 Fordham L. Rev. 1881

**INTRODUCTION**

Plaintiff's counsel really wants to have his cake and eat it, too, and have the cake of the guy behind him on line and eat that, too. Plaintiffs seek a quadruple dipper and exorbitant attorney fees on top of it. Not only has plaintiff requested liquidated damages under both the FLSA and the NYLL, they have also requested pre-judgment interest under the NYLL and the New York Wage Theft Prevention Act (WTPA), plus attorney's fees, costs and post-judgment interest.

The only logical reading of the relevant statutes and case law dictates that plaintiffs are entitled to only one set of compensatory and liquidated damages. At a minimum, though, plaintiffs are clearly not entitled to recover liquidated damages under the FLSA and pre-judgment interest under the NYLL, as they compensate precisely the same harm. Pre-judgment interest should not be awarded at all, though because plaintiffs were compensated under the FLSA.

Plaintiffs also seek a recovery of reasonable attorney fees. The primary problem with the plaintiffs' submission is that it is patently unreasonable. Plaintiff's bill has a lot in common with elegant pillow—it is luxuriously padded. Plaintiffs also do little in the way of substantively justifying the hourly rate they propose. The Court should not award such a tremendously high fee on this case. Additionally, plaintiffs did not prevail on the motion for summary judgment and class certification and since they did not prevail on those motions, plaintiffs' attorneys should not be awarded legal fees for those motions.

Plaintiffs made a motion on March 10, 2017 requesting all of the following multitudinous monies: judgment awarding plaintiffs total compensatory damages in the amount of $114,983.77; WTPA statutory damages in the amount of $4,950.00 to plaintiff Jianlin Li, $5,000.00 to plaintiff Chaohui Tang, and $5,000 to Qingze Liu; a grand total of $159,638.76 in

liquidated damages; $78,808.19 in pre-judgment interest; a whopping $239,970.90 in attorney's fees; a ludicrous $11,250.09 (with no expert testimony) in costs; and post-judgment interest to be determined by the Court.

While this verdict must be vacated anyway, see defendants post verdict motion, even if it were to stand, plaintiffs overreach is so great it would appear they seek to touch the stars. Defendants request that the Court, at the very least, reduce the compensatory damages, as they included exempt time periods under the MCA; reduce the amount of liquidated damages requested, as plaintiffs are asking for stacked damages; not award pre-judgment interest, because plaintiffs dismissed their minimum wage and spread of hours claims; reduce attorney's fees, and costs because plaintiff's attorney billed for excessive, duplicative and non-compensable time worked.

For the sake of brevity defendants will not repeat the factual and procedural history of the instant case, which is no doubt well known to the Court at this juncture.

## I.   PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF LIQUIDATED DAMAGES UNDER BOTH THE FLSA AND THE NYLL

Plaintiffs are requesting $159,638.76 in liquidated damages under the federal (FLSA) and state (NYLL) labor law statutes. Plaintiffs submitted charts in their memorandum of law showing how they calculated compensatory damages and liquidated damages (Pl. Mem. Law. Pg. 8-11). The Jury verdict, which awarded the three (3) plaintiffs gross compensatory damages in the amount of $114,983.77, did not state how the amount was calculated, what rate was used to calculate overtime owed, and it clearly awarded overtime wages for time periods when plaintiffs were exempt under the motor carrier exemption. The compensatory damages for overtime owed in the amount of $114,983.77 should be reduced for all three plaintiffs, and thus plaintiffs' calculation of liquidated damages in the amount of $159,638.76 is incorrect on its face, because

it was based on the incorrect compensatory damages. Secondly and more importantly, the calculations encompassed in plaintiffs' memorandum of law for liquidated damages included 100% liquidated damages for both NYLL and FLSA.

Liquidated damages should not be awarded under both statutes. The split that has existed in the Second Circuit on the issue of double recovery was based on a prior version of liquidated damages under the New York Statute, but it is now nearly identical to the FLSA, and very clearly would result in a double recovery under the current versions of each statute. Prior to the amendment to NYLL in 2009, the so-called majority view (which was quite obviously the result of so many of these decisions occurring as a result of defendant defaults) was to award double or stacked damages, because liquidated damages under FLSA were characterized as compensatory in nature and liquidated damages under NYLL were portrayed as punitive. Given the current state of the law, this is now an untenable argument, if it ever were so. The trend amongst the courts has moved away from awarding liquidated damages under both statutes.

More precise reasoning, taking full consideration of the nature of each statute, gives the correct result—that liquidated damages may be recovered only once. "Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction. The view that NYLL liquidated damages are penalties rather than compensation rested on the premise that NYLL liquidated damages required proof of the employer's willfulness." Inclan v. New York Hospitality Group, Inc., 95 F.Supp.3d 490 (S.D.N.Y 2015). See Carter v. Frito–Lay, Inc., 74 A.D.2d at 550–51, 425 N.Y.S.2d 115 (1st Dep't 1980) ("Plaintiff contends that the provision for liquidated damages is not a penalty but additional compensation. We do not find this contention convincing in light of the application of the application of this provision being expressly

conditioned on a finding of willful conduct on the part of the employer.") But this premise is no longer accurate, as after November 24, 2009, liquidated damages no longer depend upon the willfulness of the violations. Thus, the distinction drawn between the purposes of the two statutes is no longer persuasive. Furthermore, after the enactment of the WTPA, the amounts of liquidated damages are identical under the two statutes. See Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76 (E.D.N.Y.2012) (acknowledging that "to the extent the federal and state statutes now provide for essentially identical remedies with respect to liquidated damages, it is harder to argue that they are designed to compensate a plaintiff for disparate harms"); Gortat v. Capala Bros., 949 F.Supp.2d 374 (E.D.N.Y. 2013) ("The amendments ... bespeak[ ] an acknowledgement that the compensatory/punitive dichotomy is a semantic one.").

Employees could not recover liquidated damages under both the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) for an employer's minimum wage and overtime violations; while the stacked award of NYLL damages on top of FLSA liquidated damages had been premised on the view of NYLL damages as a penalty, based on the NYLL's requirement of proof of an employer's willfulness, the NYLL was amended to remove proof of willful conduct for an award liquidated damages, and thus there was no longer a distinction between the award of liquidated damages under the NYLL and the FLSA. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b); N.Y.McKinney's Labor Law § 198.

There is no real difference between the two liquidated damages anymore. Recent decisions have departed from the erroneous view of entitlement to triple compensation for a number of reasons. "District courts have declined to award cumulative liquidated damages on the ground that "the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL [is] semantic, exalting form over substance." Gortat v.

Capala Bros., 949 F.Supp.2d 374, 381 (E.D.N.Y.2013); Parilla v. Salt & Pepper on 33rd St. Inc.,

No. 12 Civ. 6382, 2013 WL 4536628, at *2 (S.D.N.Y. Apr. 8, 2013). These courts have reasoned

that cumulative liquidated damages are inappropriate because "[b]oth forms of damages seek to

deter wage-and-hour violations in a manner calculated to compensate the party harmed."

Chuchuca v. Creative Customs Cabinets Inc., No. 13 Civ. 2506, 2014 WL 6674583, at *16

(E.D.N.Y. Nov. 25, 2014); Shiu v. New Peking Taste Inc., No. 11 Civ. 1175, 2014 WL 652355,

at *13 (E.D.N.Y. Feb. 19, 2014); Yin v. Kim, No. 07 Civ. 1236, 2008 WL 906736, at *7

(E.D.N.Y. Apr. 1, 2008). In the instant case, all three plaintiffs were awarded compensatory

damages for overtime owed, and there was no state minimum wage or spread of hours claim that

was being compensated for and thus the liquidated damages should only be awarded under one

statute and the Court should not award double damages.

Moreover, the recent amendments to the NYLL—which render the liquidated damages

provision nearly identical to its FLSA counter-part—undermine the purported distinction in

purpose between the two statutes. See Animas v. Balcon Quiteno Inc., 14 Civ. 3763, 2016 WL

1271478 (E.D.N.Y. 2016). "[W]ith the elimination of the willfulness requirement and the

increase in the liquidated damages percentage ... the NYLL liquidated damages provision is

identical to the FLSA's provision, and it becomes difficult to accept that it is designed to serve a

different purpose from the FLSA's provision." Id.; see Gunawan v. Sake Sushi Rest., 897

F.Supp.2d 76 (E.D.N.Y.2012) ("To the extent the federal and state statutes now provide for

essentially identical remedies with respect to liquidated damages, it is harder to argue that they

are designed to compensate a plaintiff for disparate harms.").

The policy behind awarding liquidated damages was to deter employers from failure to

pay overtime wages, but there is nothing in the legislature that indicates that plaintiffs are

entitled to treble damages by being awarded twice the liquidated damages. Yun Hong Hua v. Eight Star Inc., 15 Civ. 275, 2015 WL 2354322 at *4 (E.D.N.Y. May 15, 2015); see Castillo v. RV Transp., Inc., 15 Civ. 527 , 2016 WL 1417848, at *2 (S.D.N.Y. Apr. 11, 2016) ("Nothing in either [the FLSA or the NYLL] suggests that the legislators envisioned or intended that successful plaintiffs would reap what in effect are three times their damages, rather than double their damages as the statutes explicitly provide."); Perez v. Queens Boro Yang Cleaner, Inc., 14 Civ. 7310, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) (permitting liquidated damages under the FLSA and NYLL "would have the effect of granting a prevailing plaintiff treble damages (in addition to other remedies) as a remedy for wage law violations—a windfall that neither the state nor the federal legislature appears explicitly to have intended").

Plaintiffs memorandum of law argues liquidated damages should be awarded under both the NYLL and FLSA because both serve a "fundamentally different purpose," but that is no longer the majority view. "Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction." Inclan, 95 F. Supp. 3d at 506; see Cabrera v. Dream Team Tavern Corp., (E.D.N.Y. Apr. 29, 2016) ("The purported distinction in purpose between the liquidated damages provisions is largely semantic and totally undermined by the 2011 amendments to the NYLL."). Recent amendments to the NYLL strengthen the position that double liquidated damages are not available because the two liquidated damages provisions serve the same purpose. Prior to the amendments, the NYLL required proof of a willful violation to trigger liquidated damages; the provision was therefore construed as punitive in nature. See Yu Y. Ho, 2014 WL 1998237 (S.D.N.Y 2014).

6

However, a November 24, 2009, amendment changed the NYLL liquidated damages provision to resemble that of the FLSA, which requires only an absence of good faith on the part of the employer, shifting the burden to the employer to prove that he acted in good faith. An April 9, 2011, amendment to the NYLL further aligned the NYLL with the FLSA by increasing the level of available liquidated damages from twenty five- to one hundred-percent of the total amount of wages due. N.Y. Lab. Law § 198(1–a). As a result of these amendments bringing the statutes into alignment, a trend of denying cumulative liquidated damages has emerged within this Circuit. See Santana v. Brown, No. 14 CV 4279, 2015 WL 4865311, at *5 (S.D.N.Y. Aug. 12, 2015); see, e.g., Inclan, 95 F.Supp.3d at 506 ("Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction."); see also Garcia v. JonJon Deli Grocery Corp., No. 13 CV 8835, 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11, 2015) ("As the standards for liquidated damages under both statutes have now coalesced, there is no longer a rationale for cumulative recovery.").

Given that the Second Circuit has not decided where it stands on the double damages issue, but is moving away from awarding liquidated damages under both statutes, defendants request that this Court only award liquidated damages under either federal or state statutes. "There is no appellate authority" in this Circuit "as to whether a plaintiff may recover cumulative (sometimes called 'simultaneous' or 'stacked') liquidated damages under the FLSA and NYLL ...." Inclan v. N.Y. Hosp. Grp., 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015). Nevertheless, "an increasing number of FLSA cases"–especially since the NYLL was amended to provide 100% liquidated damages–have ruled that a plaintiff is not entitled to both federal and state liquidated damages, because they serve the same practical purposes in compensating the plaintiff and

deterring wage violations. <u>Yun Hong Hua v. Eight Star Inc</u>., No. 15 CIV. 0275, 2015 WL 2354322 at *4 (E.D.N.Y. May 15, 2015) ("The use of the FLSA and state law to award double liquidated damages is effectively a judge-created treble damage remedy that neither legislature, Congress or New York, has envisioned."); see also, e.g., <u>Quiroz v. Luigi's Dolceria</u>, Inc., No. 14-CV-871, 2016 WL 2869780 at *6 (E.D.N.Y. May 17, 2016) ("The recent trend has moved away from awarding liquidated damages under both the FLSA and the NYLL, and instead making a single award under the statute that provides the greater recovery. <u>Lopez v. Ploy Dee, Inc.</u>, 15 Civ. 647, 2016 WL 1626631 (S.D.N.Y. Apr. 21, 2016) ("there is persuasive authority in this circuit holding that FLSA plaintiffs cannot 'double recover' liquidated damages under both" the FLSA and the NYLL); <u>Hengjin Sun v. China 1221, Inc</u>., 12 Civ. 7135, 2016 WL 1587242 at *4 (S.D.N.Y. Apr. 19, 2016) ("NYLL's recent amendments 'have undermined the basis,' such as it was, for distinguishing between FLSA's and NYLL's liquidated damages provisions.

In the absence of appellate authority on the subject, the Court joins the emerging jurisprudential trend and finds that an employee may not recover cumulative liquidated damages under both the FLSA and NYLL for overlapping claims after November 24, 2009." <u>Banegas v. Mirador Corp.</u>, 14 Civ. 8491, 2016 WL 1451550 at *2 n.2 (S.D.N.Y. Apr. 12, 2016); <u>Castillo v. RV Transp., Inc.</u>, 15 Civ. 0527, 2016 WL 1417848 at *3 (S.D.N.Y. Apr. 11, 2016); <u>Chen v. JP Standard Constr. Corp.</u>, No. 14-CV-1086, 2016 WL 2909966 at *12-13 (E.D.N.Y. Mar. 18, 2016), R. & R. adopted, 2016 WL 2758272 (E.D.N.Y. May 12, 2016); <u>Perez v. Queens Boro Yang Cleaner, Inc</u>., No. 14-CV-7310, 2016 WL 1359218 at *6 (E.D.N.Y. Mar. 17, 2016), R. & R. adopted, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016); <u>Jeong Woo Kim v. 511 E. 5th St., LLC</u>, 133 F. Supp. 3d 654, 667 (S.D.N.Y. 2015)

8

"The Plaintiffs seek to recover liquidated damages under both statutes. Prior to the change in the [New York Labor] law, many courts permitted such recoveries, reasoning that the liquidated damages provisions of the FLSA and NYLL served different purposes. "As Judge Buchwald has explained [in <u>Inclan v. N.Y. Hospitality Grp., Inc</u>.], however, such double recoveries should no longer be permitted." <u>Zhen Ming Chen v. New Fresco Tortillas Taco LLC</u>, No. 15 Civ. 2158, 2015 WL 5710320 at *9 (S.D.N.Y. Sept. 25, 2015); <u>Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C.</u>, No. 14-CV-1099, 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015); <u>Chowdhury v. Hamza Exp. Food Corp.</u>, No. 14-CV-150, 2015 WL 5559873 (E.D.N.Y. Sept. 18, 2015); <u>Santana v. Brown,</u> 14 Civ. 4279, 2015 WL 4865311 at *5 (S.D.N.Y. Aug. 12, 2015); <u>Garcia v. JonJon Deli Grocery Corp.</u>, 13 Civ. 8835, 2015 WL 4940107 at *6 (S.D.N.Y. Aug. 11, 2015); <u>McGlone v. Contract Callers Inc.,</u> 114 F. Supp. 3d 172, 174 (S.D.N.Y. 2015); <u>Olvera v. Los Taquitos Del Tio Inc.,</u> No. 15-CV-1262, 2015 WL 3650238 (E.D.N.Y. June 11, 2015).

As is evidenced by the recent case law of this circuit, "the prevailing view now is that double liquidated damages should not be awarded." <u>Andrade v. 168 First Ave Restaurant Ltd.,</u> Slip Copy 2016 WL 3141567 (S.D.N.Y. 2016).While the Second Circuit has not decisively ruled on the issue, there is ample case law from this Circuit to support defendants' position, and thus the defendants respectfully request that plaintiffs not be awarded liquidated damages under both the FLSA and NYLL. Only one award of liquidated damages is appropriate.

## II.   STATUTORY DAMAGES UNDER THE WAGE THEFT PREVENTION ACT

Under the Wage Theft Prevention Act, plaintiffs are not allowed to recover more than $2,500.00 for violation of the wage statement requirement, and not more than $2,500.00 for violation of the notice requirement. Therefore, each plaintiff is not entitled to recover more than

$5,000.00 under the WTPA for violations of the wage and notice statements. Defendants would like to point out that they are seeking a new trial in their post trial motion, and if the Court grants the relief requested in defendants motion, then they should not award damages to plaintiffs under the WTPA for violations.

## III.   PLAINTIFFS ARE NOT ENTITLED TO RECOVERY OF PREJUDGMENT INTEREST

In the instance case, prejudgment interest would be yet another duplicative recovery for the plaintiffs. Given that plaintiffs were awarded compensatory damages for overtime owed only under both the FLSA and NYLL, however, they are not entitled to prejudgment interest—and especially not in the amount of $78,808.19, which is the amount they seek.

Additionally, plaintiffs also requested prejudgment interest under the WTPA, but there is no provision for prejudgment interest under the WTPA and plaintiffs' calculation is erroneous, because they are requesting prejudgment interest under a statute, which does not provide for such relief. "Plaintiffs are not, however, entitled to prejudgment interest on amounts awarded under the Wage Theft Protection Act." See Dominguez v. B S Supermarket, Inc., No. 13 CV 7247, 2015 WL 1439880, at *18–19 (E.D.N.Y. Mar. 27, 2015) (only awarding prejudgment interest on unpaid wages for which plaintiff was compensated under state law and not on Wage Theft Protection Act award); see also N.Y. LAB. LAW § 198(1–d) (allowing employee to recover damages, as well as costs and reasonable attorney's fees, but making no mention of prejudgment interest).

> The 2010 Amendment inserted into section 198(1-a) an explicit provision for "prejudgment interest as required under the civil practice law and rules," in addition to liquidated damages. New York's statutory prejudgment interest rate is 9 percent per annum. The WTPA's bill jacket says nothing about this interest provision.  NOTE:  AVOIDING  DOUBLE  RECOVERY:  ASSESSING LIQUIDATED  DAMAGES  IN  PRIVATE  WAGE  AND  HOUR  ACTIONS

UNDER THE FAIR LABOR STANDARDS ACT AND THE NEW YORK
LABOR LAW, 81 Fordham L. Rev. 1881 *

The case law is clear that prejudgment interest is not awarded for violations of the FLSA
on top of liquidated damages. "Prejudgment interest may not be awarded in addition to
liquidated damages for violations of the FLSA." Brock v. Superior Care, 840 F.2d 1054 (1988)
(citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 714–16 (1945). While the Second Circuit
has awarded prejudgment interest for violations of state wage laws, and the plaintiff has cited a
paucity of cases on the subject, the rationale is the same mistaken rationale that gives rise to
double liquidated damages. That is, "Pre-judgment interest and liquidated damages under the
Labor Law are not functional equivalents." Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 265
(2d Cir. 1999). They are functional equivalents now—and probably always were.  Plaintiffs are,
therefore, **not** entitled to an award of prejudgment interest on any unpaid overtime compensation
where FLSA liquidated damages were assessed. See Gunawan v. Sake Sushi Rest., 897
F.Supp.2d 76, 92–93 (E.D.N.Y.2012) (awarding Plaintiff "prejudgment interest only as to her
claims for which no FLSA liquidated damages were awarded....).

> The plaintiff argues that he is also entitled under the NYLL to prejudgment
> interest at a rate of nine percent per annum on the overtime underpaid from
> November 29, 2008 through December 18, 2008, even though the plaintiff is
> recovering those wages, along with liquidated damages, under the FLSA. See
> Mem. 10; Wisniewski Decl. Ex. 7 (row dated 12/13/08 calculating $77.81 of
> prejudgment interest on $247 of unpaid FLSA overtime). This court and others
> have previously declined such overlapping awards. Janus v. Regalis Constr., Inc.,
> No. 11-CV-5788, 2012 U.S. Dist. LEXIS 127008, at *28 (E.D.N.Y. July 23,
> 2012).

It is readily apparent that the logic that gave rise to the incorrect reading of the
availability of double liquidated damages also gives rise to the erroneous finding of the
applicability of this form of double recovery. "The same logic which prevents this Court from
allowing cumulative liquidated damages under both the NYLL and FLSA, likewise prevents

prejudgment interest on overlapping claims for which FLSA liquidated damages have been awarded." Zhen Ming Chen v. New Fresco Tortillas Taco LLC, 2015 U.S. Dist. LEXIS 125949, at *25 (S.D.N.Y. Sep. 21, 2015)  The recent amendments to the NYLL undermine the distinction between liquidated damages and prejudgment interest, and the courts employing a reasoning reflective of this change have accordingly refused to grant prejudgment interest for claims arising under both the FLSA and NYLL. Therefore, plaintiffs are entitled to prejudgment interest only "for that portion of unpaid wages for which [they are] being compensated under state law." Jin v. Pacific Buffet House, Inc., No. CV–06–579, 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009) (citing Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253 (2nd Cir. 1999)). Also, "prejudgment interest applies only to the amount of compensatory damages, and excludes the amount of liquidated damages." Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195, 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012). Gortat v. Capala Bros., 949 F.Supp.2d 374 (2013).

In the instant case, plaintiffs were awarded compensatory damages for overtime owed under the FLSA. Therefore, they cannot be awarded prejudgment interest, because they were fully compensated as a result of violations of FLSA, a federal statute. "New York's statutory prejudgment interest is meant to compensate a plaintiff for lost use of money owed to her." J. D'Addario & Co., Inc. v. Embassy Inds., Inc., 20 N.Y.3d 113, 117–18 (2012) (citing NML Capital v. Republic of Argentina, 17 N.Y.3d 250, 266 (2011)).  FLSA liquidated damages are also a form of compensatory prejudgment interest. Galeana v. Lemongrass on Broadway Corp., –— F.Supp.2d ——, 2014 WL 1364493, *11 (S.D.N.Y. Apr. 4, 2014) (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir.1999)). For that reason, courts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were

awarded under FLSA. <u>Yuquilema v. Manhattan's Hero Corp.</u>, No. 13–cv–0461, 2014 WL 4207106, *11 (S.D.N.Y. Aug. 26, 2014) (citing <u>Brock</u>, 840 F.2d at 1064).

"Prejudgment interest is not duplicative of liquidated damages under the NYLL, and therefore, plaintiffs are entitled to prejudgment interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under the FLSA." <u>Yuquilema v. Manhattan's Hero Corp.</u>, No. 13–CV–0461, 2014 WL 4207106 (S.D.N.Y. 2014) (citing <u>Reilly</u>, 181 F.3d at 265). The statutory interest rate in New York of nine percent, C.P.L.R. § 5004, would be applicable to plaintiffs' NYLL unpaid minimum, overtime and spread of hours wage claims (that do not overlap with FLSA recovery). In the instant case, plaintiffs dismissed their minimum wage claims and spread of hours claims, leaving only overtime claims. They were compensated for overtime wages owed by the jury under the FLSA violation and NYLL, which mirrors the FLSA. Therefore, plaintiffs are not entitled to prejudgment interest and defendants request that this Court respectfully reject plaintiffs' request for prejudgment interest in the amount of $78,808.19.

## IV.   POST-JUDGMENT INTEREST

We request the Court to not calculate post-judgment interest at this time as no judgment has been entered.

## V.   PLAINTIFFS REQUEST FOR ATTORNEYS FEES AND COSTS IS EXCESSIVE, NOT REASONABLE AND SHOULD BE DECREASED BECAUSE THEY DID NOT PREVAIL ON SUMMARY JUDGMENT AND CLASS-CERTIFICATION

Plaintiffs submitted a legal bill in support of their motion for attorney's fees in the amount of $239,970.90 in attorney's fees, and costs in the amount of $11,250.09. This bill contains numerous items for which no compensation can be granted. While a jury verdict was rendered for the plaintiffs, they did not prevail in their summary judgment motion and motion for class

certification and thus they should not be awarded for hours billed for those motions. "Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir.1978)).

Plaintiffs filed a motion for summary judgment arguing that plaintiffs did not fall under the motor carrier exemption, but that motion was denied. They filed objections to Judge Bloom's Report and Recommendation, which was denied and then filed a motion to reconsider, which was also denied. Plaintiffs also filed a motion for class certification while this case was pending, which was also denied. If the plaintiffs had prevailed on these two motions, the damages owed to the plaintiffs would have been far greater, and the outcome at trial significantly different. Therefore the time spent in preparation of these motions should not be compensated. **Exhibit A**, attached to this memorandum of law, is a table showing the time spent by the plaintiffs attorneys,' taken directly from their legal bill, which is excessive, a factor discussed in detail below, and the entirety of those hours billed, totaling the time spent by plaintiffs on these motions and they should not compensated for the hours worked as stated in Exhibit A.

 "That any fee award should be reduced given "Plaintiff's lack of success on his claims." Gonzalez v. Scalinatella, Inc., 112 F.Supp.3d 5 (2015) (quoting Farrar v. Hobby, 506 U.S. 103 (1992); Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir.2008); Peacock v. Schwartz, 154 F.Supp.2d 428, 430 (E.D.N.Y.2001). If the Court awards attorney fees for those motions the plaintiffs did not prevail upon, the Court takes a serious risk for it can be seen as an incentive for attorneys to engage in unnecessary and maybe even frivolous motion practice. According to the Circuit, "not reducing the fee award in these circumstances would

pose two risks: (a) decreasing the incentive for plaintiffs' lawyers vigorously to litigate collective action certification, and (b) encouraging plaintiffs' lawyers to file collection action-based claims even where there is little basis for doing so." Gonzalez v. Scalinatella, Inc., at 152 (citing Hensley v. Eckerhart, 461 U.S. 424, (1983); Torres v. Gristede's Operating Corp., 519 Fed.Appx. 1, 5 (2d Cir.2013) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.") (quoting and applying Farrar, 506 U.S. to FLSA cases). Indeed, "[t]o award the full amount would be tantamount to awarding a fee as if plaintiff had prevailed on [his] collective action motion." Barfield v. New York City Health & Hosps. Corp., 2006 WL 2356152, *3 (S.D.N.Y. Aug. 11, 2006). Given that they were clearly unsuccessful on multiple motions, the Court should not award attorneys fees to the plaintiffs on any motions they were not successful on. "It is true that our award of fees should "exclude ... hours dedicated to severable unsuccessful claims," Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1997), a principle that has readily been extended to discovery applications properly characterized as "severable" and ultimately "unsuccessful." See, e.g., Crawford v. City of New London, 2015 WL 1125491, *7 (D.Conn. Mar. 12, 2015); Scott v. Niagara Credit Solutions, Inc., 2012 WL 729755, *2 (W.D.N.Y. Mar. 6, 2012); Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc., 2009 WL 5185808, *7 (E.D.N.Y. Dec. 23, 2009).

In the instant case, plaintiffs legal bill clearly excessive. "The second component to calculate an attorney's fee is the number of hours reasonably expended on the litigation. Such an amount is calculated by taking the hours actually expended less any "excessive, redundant, or otherwise unnecessary" time." Hensley, 461 U.S. at 433–34. The party seeking attorney's fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d

Cir.1983). These time records should "specify, for each ... [timekeeper], the date, the hours expended, and the nature of the work done." Vargas v. Transeau, No. 04–CV–9772, 2008 WL 3164586, at *3 (S.D.N.Y. Aug. 6, 2008) (quoting N.Y. State Ass'n for Retarded Children, Inc., 711 F.2d at 1148). "The court must examine the particular hours, with an eye to the value of the client's case and of the work product resulting from the specific time expenditures." Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir.1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir.1985).

Plaintiffs' attorneys billed for 930.8 hours during the entirety of this case, for a gross amount of $239,970.90, but that amount should be reduced by the Court. In dealing with surplus hours, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as practical means of trimming fat from a fee application.'" Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir.1998) (quoting N.Y. State Ass'n for Retarded Children, Inc., 711 F.2d at 1146). The relevant issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Many of the billing entries are vague, others reflect administrative work, and time spent on certain tasks seems excessive. See, e.g., Lora v. J.V. Car Wash, Ltc., 11 Civ. 9010, 2015 WL 4496847 at *14 (S.D.N.Y. July 24, 2015); Gonzalez v. Scalinatella, Inc., 13 Civ. 3629, ——— F.Supp.3d ——, 2015 WL 3757069 at *22–23 (S.D.N.Y. Jun.12, 2015) (reducing excessive fees for one attorney by 10%); Lane Crawford LLC v. Kelex Trading (CA) Inc., 12 Civ. 9190, 2014 WL 1338065 (S.D.N.Y. Apr.3, 2014); (reducing attorneys' fees by 15% for excessive time and vague, duplicative billing entries), Allende v. Unitech Design, Inc., 783 F.Supp.2d 509, 515 (S.D.N.Y.2011) (reducing attorneys' fees by 7% for duplicative work and excess time spent on certain projects); Trustees of N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp., 09 Civ.

16

9997, 2011 WL 1641981 (S.D.N.Y. Apr.29, 2011) (reducing attorneys' fees by 10%); VFS Fin., Inc. v. Pioneer Aviation LLC, 08 Civ. 7655, 2009 WL 2447751 at *5 (S.D.N.Y. Aug.11, 2009) (10% fee reduction where "attorneys' billing entries are overly vague or duplicative." Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 04 Civ. 3854, 2008 WL 4833025 at *7 (S.D.N.Y. Nov.3, 2008) (5% across-the-board fee reduction); Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc., 04 Civ. 2666, 2008 WL 4925020 at *2 (S.D.N.Y. Nov.10, 2008) (5% fee reduction "to take into account attorney hours billed for the performance of paralegal-type work, as well as duplicative charges."). Zhen Ming Chen v. New Fresco Tortillas Taco LLC, 2015 WL 5710320 (2015).

In determining how much attorney time should be compensated, the court initially looks to the amount of time spent on each category of tasks, as reflected in contemporaneous time records. E.g., Kim, 2015 WL 3536593 at *3; Malletier v. Dooney & Bourke, Inc., 2007 WL 1284013, *1 (S.D.N.Y. Apr. 24, 2007) (citing New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1142–43, 1147 (2d Cir.1983)); see also Rosendo v. Everbrighten Inc., 2015 WL 1600057, *9 (S.D.N.Y. Apr. 7, 2015). It then must determine how much of that time was "reasonably expended." Briese Lichttechnik Vertriebs GmbH v. Langton, 2010 WL 3958737, *1 (S.D.N.Y. Oct. 4, 2010). To do so "the court looks to its own familiarity with the case and ... its experience generally as well as to the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir.1992) (internal quotations omitted); see also Saks Inc. v. Attachmate Corp., 2015 WL 2358466, *4 (S.D.N.Y. May 15, 2015).

"The court must consider the "contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done," Carey, 711 F.2d at 1148, and is required to make "a conscientious and detailed inquiry into the validity of the

representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir.1994). In calculating reasonable hours, the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case. See, e.g., Miroglio S.P.A. v. Conway Stores, Inc., 629 F.Supp.2d 307, 312 (S.D.N.Y.2009) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992)).

Plaintiffs memorandum of law cites Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany, 522 F.3d 182 (2d Cir.2008), which is moving away from using the lodestar method and using the "reasonable attorney fee" standard. "Although both parties refer to the "lodestar" method of devising reasonable attorneys' fees, the Court of Appeals recently abandoned this terminology in favor of calculating a "presumptively reasonable fee." Arbor Hill at 190. District courts are now urged to focus their equitable analysis on the determination of a reasonable hourly rate that a "paying client would be willing to pay." Id at 189–90.  In determining a reasonable rate, the Court should consider, inter alia, the "Johnson factors" enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989); see Arbor Hill, 522 F.3d at 187. Courts should take account of the fact that a paying client wishes to spend the least amount possible to litigate the case in an effective manner. Id. at 190. As this Court has recently noted, the Arbor Hill opinion sows some confusion as it does not explicitly address whether and how the Johnson factors are to be applied to the determination of reasonable hours or to calculation of and adjustment to the "presumptively reasonable fee." McDow v. Rosado, 657 F.Supp.2d 463, 467–69 (S.D.N.Y.2009). Reading Arbor Hill broadly, the Court understands that the Johnson factors, among others, should be applied throughout the analysis to (1) determine a reasonable hourly rate, (2) determine the reasonable number of hours, (3) calculate a

"presumptively reasonable fee," and (4) make any further adjustments to arrive at the actual fee award. See *id*. "To account for these excesses, the Court reduces the total attorneys' fees by 20%."   See e.g. <u>Allende</u>, 783 F.Supp.2d at 515 (reducing legal fees by 7% to account for duplicative billing); <u>Trustees N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp.</u>, 09 Civ. 9997, 2011 WL 767162 at *5 (S.D.N.Y. Mar. 4, 2011) (reducing attorneys' fees by 10%); and <u>Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc</u>., 04 Civ. 2666, 2008 WL 4925020 at *2 (S.D.N.Y. Nov. 10, 2008) (5% fee reduction "to take into account attorney hours billed for the performance of paralegal-type work, as well as duplicative charges").

In the instant case, the Court should decrease the legal bill across the board by a reasonable percentage because of the excessive and unnecessary billing. For e.g. plaintiffs attorneys billed 1.5 hours for reviewing Judge Bloom's Report and Recommendation that Judge Weinstein adopted as a Court's ruling (Pl. Ex. 3 Pg. 31), billed 30 minutes for updating their case notes based on Judges comments (Pl. Ex. 3 Pg. 31), and billed for updating their damages calculations chart multiple times, which is clearly duplicative (Pl. Ex. Pg. 32, 40).  See, e.g., <u>Zhen Ming Chen v. New Fresco Tortillas Taco LLC</u>, 15 Civ. 2158, 2015 WL 5710320 at *10 (S.D.N.Y. Sept. 25, 2015) (10% reduction); <u>Lora v. J.V. Car Wash, Ltc</u>., 11 Civ. 9010, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015); <u>Gonzalez v. Scalinatella, Inc</u>., 112 F. Supp. 3d 5, 30 (S.D.N.Y. 2015) (reducing excessive fees for one attorney by 10%); <u>Lane Crawford LLC v. Kelex Trading (CA) Inc</u>., 12 Civ. 9190, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014)(reducing attorneys' fees by 15% for excessive time and vague, duplicative billing entries); <u>Allende v. Unitech Design, Inc</u>., 783 F. Supp. 2d at 515 (reducing attorneys' fees by 7% for duplicative work and excess time spent on certain projects); <u>Trustees of N.Y. Oil Heating Ins. Fund v. Anchor Tank Lines Corp</u>., 09 Civ. 9997, adopted in relevant part, 2011 WL 1641981 (S.D.N.Y. Apr. 29, 2011); <u>VFS Fin., Inc. v.</u>

Pioneer Aviation LLC, 08 Civ. 7655, 2009 WL 2447751 at *5 (S.D.N.Y. Aug. 11, 2009) (10%

fee reduction where "attorneys' billing entries are overly vague or duplicative." Austrian Airlines

Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 04 Civ. 3854, 2008 WL 4833025 at *7

(S.D.N.Y. Nov. 3, 2008) (5% across-the-board fee reduction); Top Banana, L.L.C. v. Dom's

Wholesale & Retail Ctr., Inc., 04 Civ. 2666, 2008 WL 4925020 at *2 (S.D.N.Y. Nov. 10, 2008)

(5% fee reduction "to take into account attorney hours billed for the performance of paralegal-

type work, as well as duplicative charges."). Where the requested amount of fees is excessive,

because the number of stated hours is greater than that which should have been required for the

work produced, the Court should reduce the stated hours accordingly. See Seitzman v. Sun Life

Assurance Co. of Canada, 311 F.3d 477, 487 (2d Cir. 2002) (the time component should not

reflect excessive hours). In determining whether an excessive amount of time was expended on

the matter, the Court may consider, inter alia, the nature and quality of the work submitted by

counsel in connection with the litigation, see Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir.

1998); In re Agent Orange Prod. Liab. Litig, 818 F.2d 226, 232 (2d Cir. 1987), as well as the

degree of counsel's success, see Hensley, 461 U.S. at 436.

   "Plaintiffs should receive compensation only for hours that were reasonably expended."

Hensley, 461 U.S. at 433. "District courts should exclude fees billed for time that is "excessive,

redundant, or otherwise unnecessary." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d

Cir.1999). In addition, plaintiffs billed for clerical tasks such as updating their case notes, and for

"noting" ECF filings, and should not be compensated for such tasks. See A.R. ex rel. R.V. v.

New York City Dep't. of Educ., 407 F.3d 65, 71–72 (2d Cir.2005). Even paralegal work,

however, is not compensable if it is purely clerical. See Bridges v. Eastman Kodak Co.,102 F.3d

56 (2d Cir.1996) (filing, delivery, service of papers, and other secretarial tasks are normally subsumed into an attorney's overhead expenses, and are therefore not compensable).

Additionally, two associates who are not admitted to practice law, were billed at a rate of $175 per hour but their hourly rate should be reduced.  As per the declaration of Heng Wang, Esq., the plaintiffs attorneys law firm billed for two associates who are not yet admitted at $175.00 per hour but the work they did should be billed at the paralegal rate because they are not admitted to practice in either state or federal court. (Dec. Pg. 4). "In light of these facts, particularly given that some portion of Gitig's work on the case was as a law clerk and not an admitted attorney, the Court reduces the hourly rate for Gitig from the proposed $225 to $175." Anthony v. Franklin First Financial, Ltd., 844 F.Supp.2d 504 (S.D.N.Y. 2012). Saunders v. City of N.Y., 07 Civ. 830, 2009 WL 4729948 at *8 (S.D.N.Y. Dec. 9, 2009) (awarding hourly rate of $425 for partners with eighteen and sixteen years of experience, $300 for associate who had graduated law school in 2001, and $275 for associates who had graduated law school in 2005 and 2006); and N.Y. City Dist. Council of Carpenters v. Rock–It Contracting, No. 09 Civ. 9469, 2010 WL 1140720, at *4 (S.D.N.Y. Mar. 26, 2010) (awarding in an ERISA action attorneys' fees at an hourly rate of $400 for a partner with twenty-eight years of experience, $300 for an associate admitted to the bar in 2005, and $125 for an intern).

The plaintiffs attorneys' are also seeking $11,250.09 in costs but those disbursements should be reduced given that they did not submit any invoices with their disbursements and the numerous expenses for e.g., fed ex mailings, and subway tickets do not specify what motions were associated with what mailing costs, if the subway tickets were for attorneys or plaintiffs travel etc.

The attorneys' fee the plaintiffs are asking for should be reduced because they failed to prevail on their motion for summary judgment and for class certification, in the amount of $88,676.86 as highlighted in **Exhibit A**. After that reduction, the Court should further reduce the amount requested for attorneys' fees to account for the unnecessary, excessive and unreasonable hours billed by an additional 40%. The award for costs requested should also be reduced, and only costs for court filings and payments to court reports for the transcripts should be reimbursed because the $11,250.09 in costs is clearly excessive and not supported by sufficient documentation.

**CONCLUSION**

For the foregoing reasons, plaintiffs are entitled to only one set of compensatory and liquidated damages, are not entitled to pre-judgment interest. While the plaintiff would be entitled to post-judgment interest, no such judgment has been entered. This Court should also appropriately curtail the plaintiffs' award for attorney fees and costs because they did not prevail on summary judgment and class certification motions, and because the legal bill submitted is excessive and unreasonable. Specifically, as explained by the calculations above, the attorneys fees should be reduced to $90,776.85, after taking out the fees for the motions plaintiffs did not prevail on and an additional 40% reduction for excessive and unnecessary billing. The plaintiffs attorneys should only be awarded $4,639.15 in costs for court expenses only. Furthermore, the Defendants respectfully request that this Court grant the relief requested in their post trial motion, for judgment as a matter of law or in the alternative for a new trial.

Respectfully submitted,
Gordon & Gordon, P.C.


_____/s/_____
Supriya Kichloo, Esq.
